*Speilman vs. Shook, Renon & Papin.*

SPEILMAN vs. SHOOK, RENON & PAPIN.

The provisions of the act of 1841, concerning liens of mechanics, &c., which require a sub-contractor to give notice to the owner of a building of his intention to do work, &c., before commencing the work, are repealed by the act of 1843, so far as St. Louis county is concerned. This last act is specially applicable to St. Louis county, and is not repealed by the general law of 1845.

## APPEAL from St. Louis Circuit Court.

FIELD & CARROLL, *for Appellant, contend:*

I. That the court below erred in deciding that the act of 1841, requiring previous notice by a sub-contractor, was in force in St. Louis county after the passage of the act of 1843.

The act of 1841, gave a lien to sub-contractors only in case previous notice was given to the owner or proprietor. Acts 1841, p. 105.

The act of 1843 provides a new system for St. Louis county; omitting the provisions as to previous notice, and substituting a subsequent notice in writing. Acts 1843, p. 83.

The 14th section of the last mentioned act repeals all acts and parts of acts contrary to, or inconsistent with it.

It seems superfluous to enter into an argument to show that when a lien is given by one act in a particular case, under limitations and restrictions, and then by a later act the lien is given in the same case without such limitations or restrictions, there is a direct repugnancy between the two acts, and the former must yield to the latter.

The Revised Statutes of 1845, have not repealed the act of 1843, and it is still in force in St. Louis county. Stat. 1845, tit. laws, § 22.

II. The mistake in the description of the property, was properly regarded by the court below as unimportant.

The act of 1843 requires "a true description of the property, *or so near as to identify the same.*"

From the facts agreed, it would appear that no person could have been misled as to the identity of the property.

Besides, in the present case, the question comes only to be decided against the owner, who was a witness of the plaintiff's work in its progress, and must have known where the lien was intended to apply.

RANNELS, *for Appellees.*

1st. The misdescription set forth in the fourth clause of the "case agreed," is fatal to the plaintiff's claim. In a city, the streets are the certain, and the only certain landmarks to property; and a misdescription in this respect in the city, is as great and as fatal when a true description is required, as if in the country, a description in regard to land, locates it in the wrong township or section. A sheriff's deed to No. 16, Main street, would not pass title to No. 16, 2nd street.

2nd. The law of 1843, (under the provisions of which alone the plaintiff seeks to recover,) is unconstitutional and void; taken by itself it subjects the property of one man to another's debts, and compels him to pay debts he has never contracted.

3rd. The court did not err in overruling the instructions asked for by plaintiff in regard to the notice required by the law of 1841, to be given by the sub-contractor, of his *intention* to furnish materials or perform labor; that notice should have been given; and the law of 1843 does not repeal the law of 1841 in this respect; it is not contrary to, or inconsistent with the provisions of the act of 1843. The two acts in regard to the notices required to be given, are entirely consistent, and both notices should be given; and by connecting the two acts together in this respect, can gross injustice and hardship be prevented. The law of 1841 requires notice of the intention to do the work; the law of 1843 gives notice, and fixes the amount of the indebtedness; and section 3rd of chap. 117, Rev. Co., shows the sense of the Legislature on this subject, and blends the two together in substance.

McBRIDE, J., *delivered the opinion of the Court.*

This was a *scire facias* brought to enforce a mechanic's lien, by Speilman, a sub-contractor, against the contractors and owners, for painting a house. The trial was had before the court on an agreed statement of facts; they are as follows:

Papin was the owner of ground in St. Louis, and made a special written contract with Shook and Renon to erect a house on the ground, in the spring of 1845. Speilman was employed by Shook and Renon to paint the house, and the work was in fact done by him with the knowledge of Papin, who was often present while the work was going on. In August, 1845, Speilman filed a lien for this work at prices which were admitted to be reasonable. It was admitted that the lien filed was regular, except in the description of the property, which was as follows: "A building situate on the south side of Pine street, between 13th and 14th streets, in block No. 501, in the City of St. Louis and State of Missouri, being the western tenement of a double brick house, two stories high, with an attic, the gable end of which double building fronts on Pine street." In fact, the house was situated between 12th & 13th streets, and not between 13th & 14th streets; but-the description otherwise was correct, and there was no similar house in that neighborhood, between 10th & 14th, Pine and Chestnut streets. A notice was duly given to Papin by Speilman, under the provisions of the act of 1843, to which no exceptions were taken."

The plaintiff then requested the court to decide the following propositions of law:

1st. That the act of 1843, in relation to mechanic's liens, was a valid constitutional law.

2nd. That it is not necessary for the plaintiff to prove, in order to recover in this action, that he gave notice to the proprietor, owner or occupant of the building, of his intention to do work thereon, previous to his doing the same.

3rd. That the provisions of the act of 1841, requiring a sub-contractor to give notice to the proprietor, owner or occupant, of his intention to do work on a building, are repealed as to St. Louis county, by the act of 1843.

The court decided the first proposition as requested, but refused to decide the second and third, and gave judgment of non-suit against the plaintiff. A motion was made to set aside the non-suit, which was over-ruled and excepted to, and an appeal taken to this Court.

The only question for our consideration is, did the Court err in refusing to decide the second and third proposition, as asked by the plaintiff?

The act of 1841, (Sess. acts p. 105,) is an amendment of the general law of 1835, on the subject of securing liens to mechanics and others. The general law extended its benefits only to "artisans, builders, mechanics and others, who furnish materials for buildings *under a contract with the proprietor thereof,* whilst the amendatory act embraces "sub-contractors," and prescribes the manner of proceeding. Among other things it is provided that he shall give notice, in writing, to the owner or proprietor of the building, towards which he shall furnish materials or perform labor, of his intention to furnish materials or perform such labor, setting forth the probable value thereof; and within ten days after his demand shall have accrued, to file with the clerk of the Circuit Court, in the county in which the buildings are situated, a duplicate copy of the settlement between him and his contractor; and the same being filed, shall constitute a lien on such building. The fifth section provides, in substance, that the owner shall not be liable, if, before notice, he has paid the contractor, nor shall be liable, in any event, for more than is due from him to the contractor. Thus stood the general law on the subject of notice.

In 1843, an act was passed entitled "An act for the better security of mechanics and others erecting buildings, or furnishing materials for the same, in the city and county of St. Louis." (Ses. Acts p. 83.) This act, by its provisions, gives a lien to "every mechanic, artisan, workman, or other person or persons, doing or performing any work upon, or furnishing any materials for buildings or other improvements, or for repairing the same"—"whether he or they be employed by the owner, agent, contractor or sub-contractor, each for his own work done, or materials furnished." The third section provides, that the party seeking the benefit of the act, shall give notice to the owner, within thirty days after the indebtedness accrued, or the completion of the building, that there is

such an amount due to him, and that he intends to hold said building liable therefor; "but the above limit in regard to notice shall not extend to persons having contracts with the owner or agent." The fourteenth section repeals all acts inconsistent with its provisions, &c., so far as the same applies to the county of St. Louis.

Between the two acts there is but little conflict, the general provisions of each being similar; but by the general law a sub-contractor was required, prior to his doing any work upon, or furnishing materials for a building, to give notice of his intention to the owner, informing him at the same time of the probable amount of his contemplated claim; and within ten days after his demand accrued, he was required to file a copy of his settlement with the contractor, in the clerk's office of the proper county. By the special act, applicable to St. Louis county, the sub-contractor is required to give notice of his claim to the owner within thirty days from the time the same becomes due and payable, or within thirty days after the completion of the building. There being a conflict between the two acts, on the subject of notice, the former is expressly repealed by the 14th sec. of the latter act. Then, so far as claims originate in the county of St. Louis, under the special act, which alone is operative in that county, the party desiring to obtain a lien for labor done or materials furnished in building or repairing houses, must give the thirty days notice required in the act, to the owner.

Next is the act of 1845, R. C. 733, which is a revision of the act of 1835, and the supplemental act of 1841, requiring that the contractor may, within six months after the completion of his contract, file his lien, &c., but imposes upon sub-contractors the same terms as those contained in the amendatory act of 1841. This act having been passed at the revising session, and two years subsequent to the special act, a question might arise whether it did not repeal the special act. But the General Assembly have not left the question to doubt, for by an act passed at the same session, entitled "An act concerning the Revised Statutes," R. C. 695, sec 22, it is provided that "all acts and parts of acts specially applicable to the city or county of St. Louis, and in force at the commencement of the present session of the General Assembly, and not repealed or modified by some act of the present session, specially applicable to said county or city, shall be, and the same are hereby continued in force."

It is most clear, that the act of 1845 does not profess to repeal or modify the special act which was in force at the commencement of the re-

vising session of 1845; hence that act, by the foregoing provision, was continued in force in St. Louis county.

The judgment of the Circuit Court ought to be reversed, and the other Judges concurring, the same is reversed, and the cause remanded to that Court.